UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD KEENUM,

    Plaintiff,

v.

HAROLD CLARKE, BERNIE WARNER, SERGEANT TEACHOUT, and CORRECTIONAL OFFICER DAMAN.

    Defendants.

CASE NO. C13-5688 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
FEBRUARY 14, 2014

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.

Defendants have filed a motion to dismiss (ECF No. 13). Defendants ask the Court to dismiss plaintiff's federal claim with prejudice and plaintiff's pendent state law claim without prejudice (*id.*). The Court recommends denying defendants' motion because a motion to dismiss only tests the sufficiency of the complaint and plaintiff has pled a prima facie case for both a federal denial of due process claim and a pendent state tort action.

## FACTS

Plaintiff alleges that on April 17, 2013 he went to the day room of his prison unit with two bottles of prayer oil so that other inmates could smell the oil and decide if they wanted to buy the same type of oil (ECF No. 6, p. 11 of 20). Plaintiff alleges that defendants Teachout and Daman confiscated the oils (ECF No. 6, p. 11 of 20). Plaintiff alleges that defendants, acting pursuant to Department of Correction's policy 420.375, destroyed the oils and that plaintiff was never given an opportunity to mail the oils out of the facility or contest their destruction (ECF No. 6, p. 12 of 20). Plaintiff specifically references a companion case, *Brown v. Warner*, C09-1546RSM/BAT where a taking occurred pursuant to the same policy. Plaintiff states that in September of 2012 the District Court found that the defendants in that case abused their authority in implementing Department of Corrections policy 420.375 (ECF No. 6, p. 6). Plaintiff alleges a procedural due process violation and a state law claim (ECF No. 6, pp. 14-15).

Defendants argue that the Department of Correction's policy 420.375 played no part in defendants Teachout and Daman's decision to destroy plaintiff's oils. Defendants state that the destruction of the oils was an intentional but unforeseeable act where the state could not have given plaintiff procedural due process prior to the taking. Defendants argue that because an adequate post-deprivation remedy exists, plaintiff fails to state a claim for a denial of procedural due process (ECF No. 13, p. 3). Defendants note that plaintiff attached documentation to his complaint where state prison officials acknowledge that plaintiff's oils were discarded contrary to state law and the department's policies (*id*.). The documentation plaintiff attached to his complaint instructs plaintiff to file a state tort claim to obtain reimbursement for the oils (ECF No. 6, pp.17-18 of 20).

## STANDARD OF REVIEW

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) provides that a court should dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. *See, Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 545. Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Court liberally construes a pro se pleading but cannot supply facts to a complaint. *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992).

In order to state a claim pursuant to 42 U.S.C. § 1983, a complaint must allege that: (l) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

| | |
|---|---|
| 1 | <u>DISCUSSION</u> |
| 2 | A.   Federal Claim. |
| 3 | "In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (*per curiam*); *see also Estelle v. Gamble*, 429 U.S. 97, 99 (1976). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). |

A plaintiff may not state a claim for a denial of due process if the taking is a random unauthorized act and the state provides an adequate post deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 534 (1984). Here, plaintiff alleges the taking was not random or unauthorized and he argues that the taking occurred pursuant to DOC policy 420.375 (ECF No. 6, pp. 6-12). Defendants' argues that plaintiff's allegation that the taking was pursuant to DOC policy 420.375 is conclusory. Plaintiff's complaint contains specific facts showing the taking occurred and a reference to another action where a similar taking was admittedly done pursuant to this policy (ECF No. 6, pp. 6-12). When the Court accepts plaintiff's allegations as true, the allegations state a claim that is plausible on its face.

Further, if the Court assumes the taking was pursuant to a policy, then the taking was not random or unauthorized. Assuming plaintiff's allegations are true, the availability of a state post deprivation procedure is irrelevant at this stage of the proceedings and defendants' argument fails. The Court recommends denial of defendants' motion to dismiss the federal claim.

B.  State Claim.

Defendants' motion to dismiss the state claims without prejudice is premised on the federal claim failing (ECF No. 13, p. 7). Defendant reasons the Court should not exercise pendent jurisdiction and should dismiss the claim so that plaintiff may pursue it in state court. Because the Court recommends denial of the motion to dismiss the federal claim, the motion to dismiss the state claim also fails at this stage of the proceedings. The Court recommends denying defendants' motion to dismiss this action.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on February 14, 2014, as noted in the caption.

Dated this 27th day of January, 2014.

J. Richard Creatura
United States Magistrate Judge