UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD KEENUM,

    Plaintiff,

v.

HAROLD CLARKE, et al.,

    Defendants.

CASE NO. C13-5688 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 35), and Plaintiff Richard Keenum's ("Keenum") objections to the R&R (Dkt. 40).

On November 26, 2014, Judge Creatura issued the R&R recommending denying Keenum's motion for summary judgment and granting Defendants' motion for summary judgment. Dkt. 35. On March 23, 2015, after multiple extensions of time, Keenum filed objections. Dkt. 40. On March 27, 2015, Defendants responded. Dkt. 41.

The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

ORDER - 1

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, the relevant issue is whether Defendant correction officers Daman and Teachout destroyed Keenum's property pursuant to an institutional policy or whether the destruction of the property was a random and unauthorized act. "The state may not take away [a protected property interest] without a hearing in advance of the injury" when the injury "is the product of the operation of state law, regulation, or institutionalized practice . . . ." *Haygood v. Younger*, 769 F.2d 1350, 1357 (9th Cir. 1985) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982)).

First, Keenum argues that correction officers have an institutionalized practice of destroying inmate property that is brought into the dayroom. Dkt. 40 at 3. Defendants counter that Keenum has failed to submit any evidence to support this assertion. The Court agrees and finds that this objection is unsupported by the record.

Second, Keenum argues that the officers destroyed his property under the mistaken belief that they were required to pursuant to a previous version of the relevant Department of Correction ("DOC") policy. Under the previous version of DOC 420.375, officers were directed to dispose of nuisance contraband. Dkt. 24-1 at 14("Nuisance contraband will be disposed of by facility staff."). Defendants, however, contend that the version of the policy in effect at the relevant time allowed offenders 90 days to dispose of nuisance contraband in accordance with a different DOC policy. Dkt. 25-2 at 9. For example, instead of destroying the property, the offender could mail the property to someone outside the institution. *Id.* In light of these two versions of the relevant policy,

1  the question becomes whether the officers implementing the old version of the policy can
2  be considered an institutionalized practice in violation of Keenum's constitutional rights.
3  The Court concludes that this isolated mistake, without more, does not constitute an
4  institutionalized practice.  Even if the officers destroyed Keenum's property pursuant to
5  the outdated policy, the destruction was an unauthorized intentional act that is not
6  protected by the constitution because a meaningful post-deprivation remedy is available
7  under state law.  *Hudson v. Palmer*, 468 U.S. 517, 534 (1984).  Therefore, the Court finds
8  Keenum's objections are without merit.
9       The Court having considered the R&R, Keenum's objections, and the remaining
10 record, does hereby find and order as follows:
11      (1)   The R&R is **ADOPTED** and **MODIFIED** as set forth above;
12      (2)   Keenum's *in forma pauperis* status is **REVOKED** for the purposes of
13            appeal;
14      (3)   This action is **DISMISSED**; and
15      (4)   The Clerk shall close this case.
16      Dated this 19th day of May, 2015.

BENJAMIN H. SETTLE
United States District Judge